## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Climatemakers, Inc.

v.

Bryant Heating and
Air Conditioning, Inc.

Case No. (Law) 6391

By JUDGE WALTER A. PAGE

January 15, 1970

The court has considered the argument of counsel and the authorities cited with reference to counsel for the defendant's demurrer and is of the opinion that same should be overruled.

Counsel for the defendant states as the grounds for its demurrer that there is no allegation that the written memorandum was signed by or on behalf of the defendant as required by § 8.2-201 Code of Virginia, 1950 as amended. The motion for judgment alleges that the oral agreement was evidenced by memorandum "hand-written by an agent of the defendant." The official comment for the section relied upon with reference to signature is as follows: " 'signed'--a word which includes any authentication which identifies the party to be charged." The court is of the opinion that, as a matter of pleading, the allegation is sufficient. Counsel further takes the position that there is no allegation of consideration for the alleged contract. Plaintiff's motion for judgment alleges a breach of contract and also of defendant's promise "the purpose of which was known to the defendant and upon which the defendant intended the plaintiff to rely," and that the plaintiff relied thereon to its detriment. The court is likewise of the opinion that these allegations are sufficient insofar as the pleading is concerned.

The court, of course, reserves its ruling on the evidence and proof of allegations for a trial on the merits.

By JUDGE EDWARD L. RYAN

August 14, 1970

Plaintiff sues defendant for breach of contract and alleges that as a result thereof it suffered additional expenses and damages in the sum of $12,704.72.

Plaintiff entered into a subcontract that required it to install heating and air conditioning equipment in an apartment project. The project plans and specifications called for the installation of equipment manufactured by the defendant. In due course plaintiff and defendant entered into *oral* negotiations for the purchase of the specified material. Plaintiff says that final agreement was reached between the parties, but that later defendant withdrew its sales proposal when it discovered that it had made a mistake in quoting the total sales price. Plaintiff adds that as a result of this repudiation it was compelled to purchase the necessary equipment from another supplier at a cost of $12,704.72 over the price that had been quoted by the defendant in the first instance.

Defendant responds to all of this by saying that the supposed oral contract is unenforceable by way of action because of the prohibition found in the statute of frauds set out in Code § 8.2-201 of the Uniform Commercial Code. In short, the defense is that the oral contract for the sale of the goods was for a price in excess of $500.00 and that there is no "writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." There is no conflict in the evidence that no such writing, so signed, was ever executed.

But plaintiff responds by saying that the oral contract is enforceable because the evidence at trial shows it falls under one of the specific exceptions to the statute which is as follows:

> (3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable. . . .

(b) if the party against whom enforcement is sought *admits* in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted. . . . (Emphasis added).

A resolution of these conflicting contentions rests wholly on the testimony of Mr. C. N. Roberts, Jr., who was clearly an agent of the defendant authorized to enter into contracts such as we find here in controversy.

Defendant says that a great deal of colloquy occurred between the representatives of the parties and quibbling as to price and the possible purchase of two or three extra pieces of equipment. Also, defendant says no actual and total price was ever agreed upon and that hence no oral contract was entered into between the parties. (R. T. pp. 102, 103, 104, 105, 117, 118).

But plaintiff asks the court to examine the testimony of Mr. Roberts found on pages 112, 113, 114 and 115 of the reporter's transcript of the evidence. This revealing evidence is as follows:

Q. You did indicate to Mrs. Parham (plaintiff's draftsman-estimator) or to Climatemakers that you believed Mr. Bowman (mechanical engineer who had initialed the prints) would approve that application?

A. Right.

Q. And you intended Mr. Rogerson (plaintiff's president and chief officer) to be able to rely upon your quote without a quibble?

A. Yes, sir.

(R.T. p. 112)

\* \* \* \* \*

Q. Didn't he (Rogerson) call you up and tell

you that delivery was going to be a problem and wouldn't you go ahead and hurry things along?

A. When he called for the--asked me to come over for the 19th.

Q. He told you he wanted your equipment?

A. He told me to come on over and see what we could work out on the equipment.

Q. And at that time you had not backed away one step from your quote?

A. No, sir.

Q. You did not know about the error?

A. That's right, sir.

Q. And he asked you please write it up so you could go ahead and send it in? (Meaning Robert's order or requisition to the defendant for the shipment of the equipment).

A. Yes, sir.

Q. And didn't he at that time tell you he wanted to use your equipment?

A. I believe he did at that time, yes, sir.

Q. And that was before you had discovered your error or in any way tried to get out of it?

(R.T. p. 113)

A. Right.

Q. And if you had gone home that night and written up and discovered--and not discovered your arithmetical error we wouldn't be here today?

A. I'm sure of that, sir.

(R.T. p. 114).

The court concludes from the foregoing that an acceptance was made and a meeting of the minds was reached as to the contract sale of the goods, and that Mr. Robert's testimony constitutes an admission by defendant of that fact. Code § 8:2-201(3)(b). Defendant points to pages 117 and 118 of the transcript of the evidence to show that quibbling was still going on between the parties but reference to page 115 of the said transcript resolves this contention.

It is the conclusion of the court that plaintiff is entitled to recover the sum of $12,704.72, with interest from May 4, 1970, plus its costs and disbursements.